```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

OMNITECH ROBOTICS, INC. et al.  *
                                *
v.                              *
                                * Civil Action WMN-12-576
STERLING MOVING & STORAGE INC.  *
et al.                          *
                                *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

    This action arises out of the interstate transport of property.  Plaintiffs Omnitech Robotics, Inc. and David Parrish develop and manufacture advanced robotic components for machinery, including unmanned ground vehicles.  Plaintiffs allege that they entered into a contract with Sterling Moving & Storage, Inc. (SMS), North American Van Lines, Inc. (NAVL) and Specialized Transportation, Inc. (STI) (acting as a subcontracted employee or agent for SMS and NAVL) for the purposes of moving Plaintiffs' business property from Queenstown, Maryland to Kimberly, Idaho.

    Plaintiffs contend that Defendants expressly agreed to use specific packing and transport methods required to avoid damaging Plaintiffs' property.  These methods purportedly required Defendants to move racks of small robotics parts and laboratory equipment as they were packed in the laboratory and to hold the property and inventory in a locked trailer, for which Plaintiffs paid a specific premium to SMS.  Additionally,

Defendants were required to secure insurance to provide coverage for property damaged, lost or stolen during the move.

Plaintiffs allege that, contrary to the agreement and to the standards of reasonable care, Defendants unpacked and disassembled Plaintiffs' shelves and racks, put the inventory into cardboard boxes, and exposed the parts to electrostatic discharge.  Defendants also allegedly failed to secure insurance.  Plaintiffs also claim Defendants damaged a sign and conference table and stole a set of loading ramps belonging to Plaintiffs.  These actions allegedly caused complete destruction and loss of part of the inventory and complete disarray, requiring over 150 hours of labor to reassemble the shelves and to sort and restore the remaining inventory.

Plaintiffs originally filed a complaint in the Circuit Court for Anne Arundel County for breach of contract, breach of bailment agreement, fraud, negligent misrepresentation, negligence, conversion, breach of warranty, and violation of the Maryland Consumer Protection Act.  Defendants then removed the action to this Court and NAVL filed a motion to dismiss, arguing that Plaintiffs' claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  ECF No. 11.  STI moved to join in that motion.  ECF No. 12.  Plaintiffs subsequently filed an Amended Complaint, alleging violations of the Carmack Amendment, fraud,

and negligent misrepresentation.[1]  In response, STI has filed a motion to dismiss the negligent misrepresentation claim, arguing that it is preempted by the Carmack Amendment.[2]  Plaintiffs did not oppose this motion.

"Federal law preempts state and common law when Congress expressly provides that the federal law supplants state authority in a particular field . . . ." Shao v. Link Cargo (Taiwan) Limited, 986 F.2d 700, 704 (4th Cir. 1993).  Alternatively, it will preempt state law "when [Congress'] intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act." Id.  The question presented in this motion is whether the Carmack Amendment created such a pervasive system.

The Carmack Amendment was enacted in response to difficulties assessing the liability of shippers engaged in the interstate transportation of goods. Adams Express Co. v. Croninger, 226 U.S. 491, 505 (1913).  These difficulties arose

---

[1] Plaintiffs' filing of an Amended Complaint technically moots these two motions.  The Court will grant the relief requested in NAVL's motion, at least as to the state law claims reasserted against it in the Amended Complaint.

[2] In its motion to dismiss, STI also contends that the negligent misrepresentation claim fails to state a claim against STI.  There is no need to address this allegation, however, as the claim will be dismissed on the basis of preemption.

because of inconsistent legislative and judicial holdings.  Id. The amendment served to regulate these inconsistencies by imposing a uniform standard of liability on a carrier for "loss or injury to the property" that it transports.  49 U.S.C. § 14706(a)(1)(2005).

"The United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment . . . ."  Shao, 986 F.2d at 704.  The Court has held that, in terms of the liability of a carrier under the Carmack Amendment, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."  Adams, 226 U.S. 491 at 505-506.  Therefore, "[e]very circuit court that has considered the issue has [concluded] . . . that the Carmack Amendment preempts a shipper's state and common law claims . . ."  Shao, 986 F.2d at 705.  The Fourth Circuit has reached this same conclusion.  See Ward v. Allied Van Lines, Inc., 231 F.3d 135, 138 (4th Cir. 2000) (citing Shao, 986 F.2d at 705).

State and common law claims preempted by Carmack include those of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment.  Shao, 986 F.2d

4

at 705.  Preempted claims also include those for negligent misrepresentation.  See Taylor v. Mayflower Transit Inc., 22 F. Supp. 2d 509, 510 (W.D.N.C. 1998) (citing Moffit v. Bekins Van Lines Co., 6 F.3d 305, 306-7 (5th Cir. 1993); see also Hughes v. United Van Lines, 829 F.2d 1407, 1412 n. 5 (7th Cir. 1987) (holding that various common law claims, including a claim for negligent misrepresentation, were preempted by the Carmack Amendment).  The claim of fraud asserted in Count II is also preempted.  See Smith v. UPS, 296 F.3d 1244, 1248 (11th Cir. 2002); see also Richter v. North Am. Van Lines, Inc., 110 F. Supp. 2d 406, 411 (D. Md. 2000).

    Accordingly, Defendant STI's Motion to Dismiss the negligent misrepresentation claim will be GRANTED.

                                           _____ /s/__ _____
                                           William M. Nickerson
                                           Senior United States District Judge

DATED: June 28, 2012